FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

2013 APR 19 P 2: 56

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 13 - 259 ML

| | | |
|---|---|---|
| **CHRISTOPHER MCDONALD**, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **RICHARD J. BOUDREAU & ASSOCIATES, LLC** | ) ) | **CLASS ACTION COMPLAINT** |
| | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff, Christopher McDonald (hereafter also referred to as "Plaintiff" or "McDonald"), brings this action individually and as a class action against Richard J. Boudreau & Associates, LLC (hereafter also referred to as "Defendant" or "Boudreau") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter also referred to as "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices in their debt collection activities and also requires debt collectors to provide debtors with certain information.

Specifically, Plaintiff alleges that Defendant is a debt collector who, through debt collection letters, attempted to collect alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law.

Plaintiff seeks redress in the form of statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on his own behalf and on behalf of the identified Class against Defendant. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA.  Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) of the FDCPA, which indicates that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

2.      Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(b) as the named Plaintiff resides in this District and Defendant has done business within this District and the conduct complained of took place, via the mails, in this District.

<u>**PARTIES**</u>

3.      Plaintiff is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Rhode Island.

4.      Defendant is an entity that has its principal place of business in Salem, New Hampshire

<u>**NATURE AND PURPOSE OF FDCPA**</u>

5.      Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices.

6.      The FDCPA prohibits debt collectors, such as Defendant, from engaging in

abusive, deceptive and unfair debt collection practices in their debt collection activities.

7.     The FDCPA is a comprehensive statute, which prohibits broad categories of debt collection activities.  In addition to broad categories of prohibitions of debt collectors' actions, the FDCPA enumerates several specific actions that debt collectors are prohibited from taking. Additionally, the FDCPA requires debt collectors to provide debtors with certain information.

8.     A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

9.     A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

10.     The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise.  The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with "the least sophisticated" consumer standard.

11.     15 U.S.C. § 1692k of the FDCPA imposes civil liability on any person or entity that violates its provisions and any debt collector who fails to comply with the provisions of the FDCPA can be hald liable for statutory damages, attorney fees and costs.

## APPLICATION OF THE FDCPA

12.     Plaintiff, is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

13.     Plaintiff incurred consumer credit card debt to the creditor Citizens Bank-RBS N.B. (hereafter also referred to as "RBS") relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as "debt").

14.     Defendant, Boudreau, is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

15.     Defendant attempted to collect the consumer debt and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

16.     Defendant has acted and continues to act in the business of a debt collector by attempting to regularly collect allegedly defaulted consumer credit card debt against consumers who allegedly owe credit card debt to creditors.

## TILA REQUIREMENTS

17.     Charge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset. Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days. (See Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 Federal Register 36903-36906 (June 12, 2000)).

18.     Effective February 22, 2010, Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), was amended to require that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been

instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. See 12 C.F.R. § 226.5(b)(2)(i).

19.     12 C.F.R. § 226.5(b)(2)(i) states that: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."

20.     Defendant engaged in a practice of attempting to collect from Plaintiff and the Class additional unauthorized "amount of money" during a time period when RBS did not send the debtor periodic statements.

21.     Defendant knew or should have known that RBS had no legal right to attempt to collect the additional amount of money during a time period after RBS charged off Plaintiff and the Class' credit card account where RBS did not send credit card periodic statements to Plaintiff and the Class.

## PLAINTIFF'S EXPERIENCE

22.     On or about March 5, 2008, Plaintiff opened a credit card account with RBS.

23.     Plaintiff incurred consumer credit card debt to RBS relating to consumer purchases primarily for family, personal or household purposes.

24.     As of March 28, 2012, RBS charged off the debt that Plaintiff allegedly owed to RBS.

25.     Since March 28, 2012, Plaintiff has not received any credit card periodic statements from RBS.

26.    On information and belief, RBS stopped charging interest, late charges and other charges on the account by at least March 28, 2012.

27.    RBS waived its right to charge and collect post charge off interest, late charges and other charges on the account by at least March 28, 2012.

28.    On April 19, 2012, Defendant mailed a debt collection letter to Plaintiff seeking to recover a purported debt now allegedly owed to RBS CARD SERVICES, which debt was originally owed to the orignal creditor RBS.

29.    The amount of the purported debt as indicated in the April 19, 2012 debt collection letter was $ 7,166.43.

30.    Plaintiff has not incurred any debt and has not made any payments on the RBS account since on or about August of 2011.

31.    RBS reported the debt to Equifax on March 28, 2012 as $ 6,447.00.

## CLASS ACTION ALLEGATIONS

32.    Plaintiff brings the action on behalf of himself and the following defined Class pursuant to Fed. R. Civ. P. 23:

> All persons, with addresses in the State of Rhode Island, from whom Defendant in connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt allegedly owed to RBS, from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, via a form collection letter substantially similar to the form collection letter, attached as Exhibit "A.

33.    Excluded from the Class are Defendant: any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the

United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

34.  **Numerosity.**  Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable.  The exact number of Class members of the class is unknown, but can be determined from, including but not limited to, Defendant's computerized and other records.

35.  **Commonality.**   There are questions of law and fact that are common to all members of the Class which questions predominate over any question affecting only an individual Class member.   The members of the Class were and continue to be subjected to the same practices of the Defendant.  The common questions and principal common issues raised by Plaintiff's claims include:

a.  whether Defendant is a debt collector  pursuant to the FDCPA;

b.  whether Defendant routinely threatens to add an amount of money "because of interest accruing" to debt which Defendant attempts to collect;

c.  whether Defendant actually adds an amount of money to debt which Defendant attempts to collect;

d.  whether Defendant's actions of threating to add an amount of money "because of interest accruing" to debt which Defendant attempts to collect violates the FDCPA;

e.  whether Defendant's actions of adding an amount of money to debt which Defendant attempts to collect violates the FDCPA;

f.  whether Plaintiff and the Class have been damaged as a result of the alleged violation of the FDCPA, and if so what is the appropriate damage relief for

Defendant's violations;

g.     the nature and extent of any other remedies and relief to which Plaintiff and the members of the Class are entitled.

36.     **Typicality.**  Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendant.

37.     **Adequacy.**  Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein.  Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue the action.

38.     **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the members of the Class is impracticable.  Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendant has subjected the entire Class to the same violations of the FDCPA.  Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims.  No unusual difficulties are likely to be encountered in the management of the action as a class action.  Defendant has acted and continues to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e

39.    Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

40.    A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

41.    In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, the Defendant used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

42.    A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

43.    In connection with Defendant's actions in its attempts to collect, through debt

collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, the Defendant falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

44.     A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

45.     In connection with Defendant's actions in its attempts to collect alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, the Defendant communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

46.     A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

47.     In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also

actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, the Defendant's actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

48.     Defendant's routine practice of attempting to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA.

## Violation of the FDCPA, 15 U.S.C. § 1692f

49.     Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

50.     A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

51.     In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the

agreement creating the debt or permitted by law, Defendant used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

52.     A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

53.     In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, the Defendant engaged in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

54.     Defendant's routine practice of attempting to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law, violates 15 U.S.C. §§ 1629f and 1692f(1) of the FDCPA.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class request the following relief:

1.  An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed

as Class Representative of the Class, and that Plaintiff's counsel be appointed Class Counsel;

2. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. An injunction preventing Defendant from continuing the unlawful conduct alleged herein;

4. Declaratory relief;

5. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

6. Such other relief at law or equity as the court may deem just and proper.


DATED: April 19, 2013.

_____

John T. Longo, Esq.(RI Bar # 4928)
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

Peter N. Wasylyk (RI Bar # 3351)
Law Office of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail:pnwlaw@aol.com