UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

**CHRISTOPHER MCDONALD**, individually  §
and on behalf of all others similarly situated,  §
  §
         Plaintiff,  §
  §
v.  §
  §  CASE NO. 13-CV-00259-ML
  §
**RICHARD J. BOUDREAU &**  §
**ASSOCIATES, LLC**  §
  §
         Defendant.  §

_____

**PLAINTIFF CHRISTOPHER MCDONALD'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT RICHARD J. BOUDREAU & ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) & 12(b)(6)**

    Plaintiff Christopher McDonald, (hereafter referred to as "McDonald" or "Plaintiff") individually and as a putative class action representative plaintiff, for his Class Action Complaint (hereafter referred to as "Complaint) against Richard J. Boudreau & Associates, LLC (hereafter referred to as "Boudreau" or "Defendant"), hereby opposes the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) and Memorandum in Support (hereafter referred to as "Motion") filed by Defendant and in support respectfully submits the following:

## INTRODUCTION

    Plaintiff complains of Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereafter "FDCPA"), resulting from Defendant's attempts to collect, through debt collection letters, alleged defaulted charged-off consumer credit card debt

owed to Citizens Bank-RBS N.B. (hereafter also referred to as "RBS"), from Plaintiff and the Class by threatening to add an unauthorized amount of money "because of interest accruing" and also actually adding an unauthorized amount of money that was not expressly authorized by the agreement creating the debt or permitted by law.  Complaint at ¶¶ 41, 45, 47, 48, 51, 53, 54.  Based on these allegations, Plaintiff states claims against Defendant for violations of the FDCPA.  Plaintiff seeks to prosecute his FDCPA claims as a class action on behalf of all similarly situated persons.

Defendant first argues that Plaintiff's claims are barred by the statute of limitations for bringing a claim pursuant to the FDCPA.  Motion at 4.  Defendant further argues that Plaintiff's claims fail as a mater of law because the right to charge interest does not turn on Regulation Z or the mailing of periodic statements.  Motion at 5.  Defendant further argues that Plaintiff's complaint denies the occurrence of certain conditions precedent without the specificity required by Fed. R. Civ. P. 9(c).  Motion at 7.  Plaintiff urges this Court to reject Defendant's arguments and deny Defendant's motion to dismiss in its entirety and allow this case to move forward with discovery.

**APPLICABLE LEGAL STANDARD**

Federal Rules of Civil Procedure 12(b)(6) allows a defendant to move for the dismissal of an action that fails to state a claim upon which relief can be granted.  For purposes of Defendant's Rule 12(b)(6) motion, this Court may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference.

On a motion to dismiss, Courts must favorably construe the allegations contained in plaintiff's complaint and assume that the facts alleged in the complaint are true.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). As is well-established, "[i]n reviewing a motion to dismiss, the Court must 'accept the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff.'" *Western Reserve Life Assurance Co. of Ohio v. Conreal LLC*, 715 F. Supp. 2d 270, 275 (D.R.I. 2010) (*quoting Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009)). Factual allegations that raise a right to relief above the speculative level are sufficient to meet the general pleading requirements of Fed. R. Civ. P. 8. *Conreal LLC*, 715 F. Supp. 2d at 275 (*citing Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009); *Simmons v. Galvin*, 575 F.3d 24, 30 (1st Cir. 2009)).

The Federal Rules of Civil Procedure impose a notice-pleading requirement for complaints. Therefore, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (Q*uoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although a complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, the complaint must incorporate enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement is not equal to a probability standard, but it requires more than a mere possibility that the defendant has acted unlawfully. *Ashcroft v. Iqbal*, 128 S. Ct. 1937, 1949-50 (2009). Thus, plaintiff must articulate facts, when accepted as true, that demonstrate the plaintiff has stated a plausible claim to relief.

*Rule 8 of the Federal Rules of Civil Procedure* requires that a complaint must allege "a short and plain statement of the claim" to indicate the plaintiff's entitlement to relief. *Decotiis v. Whittmore*, 635 F. 3d 22, 29 ( 1st Cir. 2011) (*quoting Fed. R. Civ. P. 8(a)(2)*). In order to

survive a motion to dismiss, a complaint's factual allegations must "raise a right to relief above the speculative level" in order that a Court can determine that it is plausible that relief may be granted. *Citibank Global Mkts., Inc. v. Rodriquez Santana*, 573 F.3d 17, 23 (1st Cir. 2009). While *Twombly* and *Iqbal* heightened the 12(b)(6) pleading standard, they "left intact the long-standing fundamentals of notice pleading." *See Sec. & Exch. Comm'n. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Plaintiff has alleged facts sufficient so as to survive Defendant's motion to dismiss in its entirety.

## ARGUMENT

### I. The suit was timely filed.

Federal Rules of Civil Procedure 6(a) states that "in computing any period of time prescribed or allowed…by any applicable statute, the day of the act…from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included…." In *Sheets v. Shelden's Lessee*, 69 U.S. 177, 17 L. Ed 822 (1864), the United States Supreme Court stated that as a general rule of statutory construction that a cause of action measured "from…a date named" excludes the day thus designated. *Id*. at 190.   In the instant action Defendant the Plaintiff a dunning letter on April 19, 2012 and the action was filed on April 19, 2013.  Complaint at ¶ 28.  Under the plain language of Fed. R. Civ. P. 6(a), the instant action was filed within the one year statute of limitations for claims under the FDCPA.

Defendant cites to *Mattson v. U.S. West Communications, Inc. et al.*, 967 F.2d 259 (8th.

Cir. 1992), for its holding that a FDCPA claim filed on the anniversary date of an alleged violation is untimely by one day and cannot be revived. Plaintiff suggests that Matson is an outlier that the majority of other courts that have considered the issue have rejected. The Plaintiff suggest the more persuasive case is *Johnson v. Riddle*, 305 F.3d 1107 (10th. Cir. 2002) which held that "Under the plain meaning of 15 U.S.C. § 1692k(d)[FDCPA statute of limitations language], whether jurisdictional or not, the suit was timely because the day of the violation is not counted in calculating the running of the statute of limitations." *Id.* at 1115. The *Riddle* Court went on to state that the single case relied upon by the defendant for the proposition that suits filed on the anniversary of the violation are not filed within one year was *Mattson. Id.* The *Riddle* Court stated that:

> Mattson is dubious authority for several reasons. Mattson relied for its conclusion that claims must be filed before the anniversary on a single case. Id. at 262. That case, Rust v. Quality Car Corral, Inc., 614 F.2d 1118 (6th Cir. 1980) has since been overruled - on precisely the point relied upon by Mattson - by the Sixth Circuit sitting en banc. Bartlik v. United States Dept. of Labor, 62 F.3d 163, 166 (6th Cir. 1995). Apparently, every other circuit to have weighed in on the issue has rejected the position adopted by Mattson; indeed, two circuits termed the position later adopted by Mattson "frivolous." United Mine Workers v. Dole, 276 U.S. App. D.C. 248, 870 F.2d 662, 665 (D.C. Cir. 1989); Frey, 748 F.2d at 175; see also Maahs v. United States, 840 F.2d 863, 866-67 (11th Cir. 1988); Wirtz v. Peninsula Shipbuilders Ass'n, 382 F.2d 237, 239-40 (4th Cir. 1967); Fogel, 203 F.2d at 349; Cia Luz Stearica, 181 F.2d at 696; cf. Union Nat'l Bank v. Lamb, 337 U.S. 38, 40-41, 93 L. Ed. 1190, 69 S. Ct. 911 (1949)("Since [Rule 6(a)] had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to [the federal statute at issue].")

Furthermore, in *Maloy v. Philipps*, 64 F.3d 1107, 1115 (10th Cir. 2002), the Court stated that:

> Section 1692k(d)[ FDCPA statute of limitations language] provides that actions to enforce liability created by the FDCPA must be brought "within one year from the date on which the violation occurs." In *Maahs v. United States,* 840 F.2d 863, 866-67 (11th Cir.1988), this court held that the method of calculation used in Rule 6(a) of the Federal Rules of Civil Procedure generally applies to statutes such as the FDCPA which were enacted after the Federal

5

>Rules of Civil Procedure were adopted in 1937. Rule 6(a) provides in relevant part that computation of any period of time prescribed by a statute shall not include the date of the event from which the time begins to run. Therefore, Maloy was required to bring this action within one year from the date that the alleged violation of the FDCPA occurred, and the calculation of the time period begins on the day after the alleged violation occurred.

The *Maloy* Court held that the day after the defendant mailed the collection letter was the date from which the one-year period of limitations began to run. Likewise in the instant action, the one-year period of limitations should be calculated from one day after the date of Defendant's letter, which would be April 20, 2012. Therefore, the filing of the instant action on April 19, 2013 was within the one year Statute of Limitations for claims under the FDCPA.

### II. Plaintiff States A Claim Upon Which Relief Can Be Granted As A Matter Of Law Since Neither the Agreement Nor The Law Allowed Defendant To Add 185% Interest.

The Plaintiff alleged that RBS reported to credit bureau that, on March 28, 2012, it charged-off a $6,447 credit card debt the Plaintiff owed it. Complaint ¶¶24, 31. The Plaintiff further alleges that 22 days later, on April 19, 2012, the Defendant sent him a dunning letter asserting the debt had ballooned to $7,166.43. Complaint Exhibit A. In other words, the debt increased $719.43 in 22 days despite the Plaintiff not having charged anything else to his RBS credit card. The $719.43 is the equivalent of an annual simple interest rate of 185%.[1]

Contending nothing in the cardholder agreement or the law allowed the Defendant to charge 185% interest, the Plaintiff's Complaint accuses the Defendant of "adding an unauthorized amount of money that was not expressly authorized by the agreement creating the

---

[1] $719.43/22 Days = $32.70/Day
$32.70 x 365 Days = $11,935.50
$6,447/$11,935.50 = 185%

6

debt or permitted by law . . ." thereby falsely representing "the debt's character, amount, or legal status in violation of . . ." the FDCPA. Complaint ¶¶43, 47, 51 53.

The Court's scrutinizing of the sufficiency of the Plaintiff's Complaint should end there; the Complaint lays out the factual basis for finding the Defendant tried to collect an unauthorized amount of money and that is an absolute violation of the FDCPA.  The Court therefore does not have to address the Defendant's 'waiver' and 'condition precedent' arguments.

    **III.**    **Plaintiff States A Claim Upon Which Relief Can Be Granted As A Matter Of Law Since Plaintiff Has Specifically Alleged That Defendant's Lack Of Mailing Periodic Credit Card Statements To The Plaintiff Post Charge-Off, Pursuant To 12 C.F.R. § 226.5  (Regulation Z), Evidences Defendant's Waiver Of Its Right To Charge Interest.**

        **A.**    **12 C.F.R. § 226.5 (Regulation Z) And Its Relationship To Mailing of Post-Chargeoff Periodic Statements.**

A charge-off of credit card debt means that a credit card receivable is no longer carried on the credit card company's books as an asset. Federal regulations require a credit card company to charge-off a credit card receivable after it has been delinquent 180 days.  A credit card company may charge-off the receivable earlier than 180 days. *See, Federal Financial Institutions Examination Council, Uniform Retail Credit Classification.*  Credit card companies can still collect charged-off debt.  Most credit card companies waive interest on credit card debts after charge-off so as not to increase the amount of bad debts on their books.  Prior to February 22, 2010 (when the regulation was amended), Regulation Z required banks to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. § 226.5(b)(2). The addition of interest could be construed as meaning that the debt was *not* deemed uncollectible. *See* 26 C.F.R. §1.6060P-1. The amended 12 C.F.R.

§226.5(b)(2) (recently renumbered 12 C.F.R. §1026.5(b)(2)) confirm that credit card companies must send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R. § 226.5(b)(2)(I) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . ."). RBS did not send any statements to Plaintiff subsequent to charge-off. Defendant engages in a practice of adding interest to credit card debts for periods during which RBS waived the right to charge interest.

  **B.** **Plaintiff Specifically Alleges That RBS Did Not Continue To Send Periodic Statements And As Such RBS's Course Of Conduct And Actions, In Not Sending Periodic Statements, Evidences RBS's Intent To Waive Interest.**

  Plaintiff has pled facts evidencing RBS's waiver of interest subsequent to charge-off of Plaintiff's debt sufficient to defeat Defendant's motion to dismiss. Waiver is the intentional relinquishment of a known right. *Sturbridge Home Builders, Inc. v. Downing Seaport, Inc*., 890 A.2d 58, 65 (R.I. 2005). Waiver can be evidenced by the actions themselves, or may be implied form them. *Hayden v. Stamos*, 900 A. 2d 1104, 1113-1114 (R.I. 2006). Implied waiver is factually specific and dependent upon the "conduct, acts or words of the party who is alleged to have waived a right." *Delta Consulting Group Inc. v. R. Randle Constr. Inc., 554 F.3d 1133, 1140 (7th Cir. 2009).*

  Plaintiff has alleged that RBS failed to deliver periodic statements after charge-off. Such actions evidence RBS's express waiver of its right to charge interest. Plaintiff further alleges that after charging off the debt, RBS never sent any further billing statements to Plaintiff

indicating that it was continuing to charge interest on the charged-off amount.  Plainitff's factual allegations are sufficient to support a claim that RBS waived its right to charge interest after the charge-off of Plaintiff's debt.  These factual allegations support the claim that RBS evinced its intention to waive the right to charge interest post charge-off. Defendant argues that the Plaintiff cannot prove RBS waived its right to collect interest. But the Plaintiff does not have to prove that, but merely has to allege that RBS did not send periodic statements. Regulation Z prohibits adding interest while not sending periodic statements. Therefore, Defendant violated the FDCPA by attempting to charge interest after RBS waived its right to do so.

  C.  **Recent Cases Support Plaintiff's Argument**

  Defendant cites to, *Terech v. First Resolution Management Corp.*, 854 F. Supp 2d 537 (N.D. Ill. 2012) in support of its argument that "the creditor not sending periodic statements on a charged off accout (if true) signifies nothing and has nothing to do with Plaintiff's obligation to pay interest on that debt." *Motion* at 6.  Defendant ignores the fact that the *Terech* case actually supports Plaintiff's position.  In *Terech*, the Plaintiff alleged, as in the instant action, that the creditor did not send any periodic statements after charging off the account.  The *Terech* Court found that Plaintiff's allegations regarding waiver were sufficient to survive a motion to dismiss.

  In, *Simkus v. Cavalry Portfolio Servs., LLC,* 2012 U.S. Dist. LEXIS 70931 (May 22, 2012), the plaintiff alleged, as in the instant action, that the creditor after charging off the debt did not send periodic statements to the plaintiff indicating that it was continuing to charge interest on the charged-off amount. The *Simkus* Court held that the factual allegations supported the claim that the creditor intended to waive the right to charge interest post charge-

off.  *Id.* at 13.  The *Simkus* Court went on to state that it was reasonable to infer that the Defendant violated the FDCPA by charging unauthorized interest after the creditor had waived its right to do so and denied defendant's motion to dismiss.  *Id.*  Plaintiff urges this Court to follow the lead of the *Simkus* case and likewise deny Defendant's motion to dismiss.

In the instant action, Plaintiff has adequately pled that RBS stopped sending Plaintiff periodic statements after charge-off and as such intended to waive the right to charge interest post charge-off.  *See* Plaintiff's Complaint at ¶¶ 25, 26, and 27.  Plaintiff urges this Court to follow the lead of the *Terech and Simkus* Cases and likewise deny Defendant's motion to dismiss.

### III. Plaintiff Has Alleged Sufficient Facts With Particularity, Under Fed R. Civ. P. 9(c), That Defendant Waived The Right To Charge Interest.

Plaintiff specifically alleges that RBS last reported to the credit bureau, Equifax, upon charge-off on March 28, 2012 that Plaintiff owed RBS $6,447.00.  Defendant's course of conduct and actions, in last reporting to Equifax, evidences RBS's intent to waive interest.  Plaintiff acquired such knowledge of RBS's waiver by Plaintiff's lack of receipt of periodic statements and RBS's report to Equifax

### CONCLUSION

Plaintiff respectfully requests the Court to deny Defendant's motion to dismiss in its entirety.  Plaintiff has more than met his burden of putting Defendant on notice of the claims in the instant case, and supported them with facts that plausibly suggest that the Defendant violated the FDCPA.

DATED this 12th day of June, 2013.

/s/ Peter N. Wasylyk
Peter N. Wasylyk (RI Bar No. 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02908
Tel:   401- 831-7730
Fax:  401- 861-6064
E-Mail: pnwlaw@aol.com

John T. Longo, Esq.
RI Bar #4928
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed through the Court's Electronic Case Filing System (EFC) this Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant To Fed. R. Civ. P. 12(b)(1) & 12(b)(6) on June 12, 2013. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Accordingly, service by electronic means has been made to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 12, 2013.

/s/ Peter N. Wasylyk
Peter N. Wasylyk (R.I. Bar No. 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831-7730
Fax: (401) 861-6064
E-Mail: pnwlaw@aol.com