UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER MCDONALD, individually
and on behalf of others similarly situated,
    Plaintiff,

    v.                                          C.A. No. 13-259-ML

RICHARD J. BOUDREAU
& ASSOCIATES, LLC
    Defendant.

**MEMORANDUM AND ORDER**

The plaintiff in this case, Christopher McDonald ("McDonald"), brings this action[1] for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against the defendant, Richard J. Boudreau & Associates, LLC ("RJBA"), a debt collector. The gravamen of McDonald's complaint (the "Complaint") is that RJBA attempted to collect a debt from McDonald by threatening to add, and adding, an unauthorized amount of money to such debt. Complaint at 1 (Docket # 1). The matter before the Court is RJBA's motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P.

---

[1] Within the complaint, McDonald also requests class certification on behalf of all persons with addresses in the State of Rhode Island from whom RJBA has sought to collect a debt in the same manner as that alleged by McDonald. Complaint ¶¶ 32-38. McDonald acknowledges that the number of class members is unknown. Id. ¶ 34.

12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**I. Factual Background and Procedural History**

As set forth in the Complaint, McDonald, a Rhode Island resident, opened a credit card account with Citizens Bank-RBS N.B. ("RBS") on March 5, 2008. Complaint ¶ 22. McDonald then incurred consumer credit card debt to RBS relating to consumer purchases. Id. ¶ 13. According to the Complaint, since August 2011, McDonald did not incur any new debt or make any payments on the RBS account. Id. ¶ 30. McDonald alleges that, "[a]s of March 28, 2012, RBS charged off[2] the debt that [McDonald] allegedly owed to RBS," id. ¶ 24, and that, as of that date, he has not received any periodic credit card statements from RBS. Id. ¶ 25. McDonald alleges that RBS reported the debt to Equifax on March 28, 2012 as $6,447.00 Id. ¶ 31. According to McDonald, "[o]n information and belief, RBS stopped charging interest, late charges and other charges on the account by at least March 28, 2012." Id. ¶ 26. McDonald also asserts that "RBS waived its right to charge and collect post charge off interest, late charges and other charges on the account by at least March 28, 2012." Id. ¶ 27.

---

[2]

McDonald explains in the Complaint that "[c]harge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset" and, [u]nder federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days." Complaint ¶ 17.

On April 19, 2012, RJBA mailed a letter to McDonald, stating that it had been hired by RBS CARD SERVICES, the current owner of McDonald's debt, to assist it in the collection of McDonald's credit card account. Id. ¶ 28. The letter indicated that McDonald's debt was $7,166.43; it also noted that "[b]ecause of interest accruing, the amount due on the day you pay may be greater than the above balance." April 19, 2012 letter (Docket # 1-1).

McDonald asserts that, if a credit card account has been charged off, the credit card issuer must send periodic statements on all accounts "for any period during which fees and/or interest are added to the debt." Id. ¶ 18. A periodic statement need not be sent if the creditor has charged off the account "and will not charge any additional fees or interest on the account." Id. ¶ 19. McDonald alleges that RJBA engages "in a practice of attempting to collect from [McDonald] and the Class [an] additional unauthorized 'amount of money' during a time period when RBS did not send [McDonald] periodic statements." Id. at ¶ 20. In other words, McDonald indicates that, by discontinuing to send periodic statements after it charged off McDonald's credit card debt, RBS waived future interest payments. McDonald claims two violations of the FDCPA, for which he seeks class certification, statutory damages, injunctive and declaratory relief and attorneys' fees. Complaint at 12-13. Specifically, McDonald asserts that RJBA has

violated Sections 1692e[3] and 1692f[4] of the FDCPA because it attempted to collect a debt by threatening to add an unauthorized amount of money and by, in fact, adding such an amount. Complaint ¶¶ 48, 54.

The Complaint was filed in this Court on April 19, 2013, exactly one year after RJBA's letter was sent to McDonald. In response, RJBA filed a motion to dismiss the Complaint on May 13, 2013. On June 12, 2013, McDonald filed an objection to RJBA's motion, to which RJBA filed a reply in response on June 21, 2013.

**II.  Standard of Review**

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court applies the same standard of review which is applicable to motions under Rule 12(b)(6). <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir.1994). The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. <u>Skwira v. United States</u>, 344 F.3d 64, 71 (1st Cir.2003).

---

[3] Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (listing conduct that constitutes a violation of Section 1692e).

[4] Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (listing conduct that constitutes a violation of Section 1692f).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the 'complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court takes "the complaint's well-pled (*i.e.,* nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor" in order to "see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012)(internal citations omitted).

If the complaint satisfies Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), dismissal of the complaint is not warranted. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 11-12 (1st Cir.2011)(citing Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555, 127 S.Ct. 1955)). The complaint need only contain "enough detail to provide a defendant with 'fair notice of what the ... claim is and the grounds upon which it rests.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12 ("In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim.") Although "[s]pecific

5

facts are not necessary," the complaint "must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id. (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted); Iqbal, 129 S.Ct. at 1950).

**III. Discussion**

A.   Subject Matter Jurisdiction

In its motion to dismiss, RJBA asserts that this Court lacks subject matter jurisdiction over this case because the Complaint was filed one day too late. Specifically, RJAB argues that the statute of limitations set forth in the FDCPA required McDonald to bring the Complaint no later than April 18, 2013, "within one year" of RJBA's letter to McDonald. RJAB also contends that this requirement is jurisdictional. Def.'s Mot. Dismiss 1 (Docket # 5). In its conclusion, RJAB relies primarily on the case of Mattson v. U.S. West, Inc., 967 F.2d 259 (8th Cir.1992), in which the Eighth Circuit Court of Appeals affirmed the dismissal of a debt collection case on the ground that the statute of limitations in FDCPA cases expires one day before the anniversary date of the alleged violation. Mattson v. U.S. West, Inc., 967 F.2d at 262.

In response, McDonald points out that a majority of courts that have considered the issue have rejected Mattson and that the case on which Mattson relied for its conclusion, Rust v. Quality

6

Car Corral, Inc., 614 F.2d 1118 (6th Cir.1980), was subsequently overruled. See Bartlik v. United States Dept. of Labor, 62 F.3d 163, 166 (6th Cir.1995)(overturning prior determination that statutes of limitations were "jurisdictional" in nature and therefore could not be "enlarged" or "extended" by court procedural rules).

Section 1692k(d) provides - under the heading "Jurisdiction" - that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute is silent, however, on the precise method of computing that time period.

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, "a suit filed on the one-year anniversary of accrual of the claim is filed 'within' one year." Johnson v. Riddle, 305 F.3d 1107, 1114 (10th Cir.2002). Rule 6(a), which is applicable "in computing any time period ... in any statute that does not specify a method of computing time," provides that "[w]hen the period is stated in days or a longer unit of time... exclude the day of the event that triggers the period;..." Fed. R. Civ. P. 6(a). See Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995) (excluding mailing date as triggering date of alleged FDCPA violation in accordance with

Rule 6(a)).

The parties appear to be in agreement that the April 19, 2012 letter to McDonald serves as the triggering date for his FDCPA claim. Even assuming, without deciding, that the FDCPA one-year statute of limitations is jurisdictional, in the absence of a computation method in Section 1692k(d), the day of the triggering event is excluded under Rule 6(a). Therefore, McDonald's filing on April 19, 2013 is timely.

B. Claims under the FDCPA

RJBA's challenge of the Complaint pursuant to Rule 12(b)(6) is based on the assertion that the Complaint cites statutes and regulations which do not, and were never intended to, apply to debt collectors like RJBA. In addition, RJBA states that the Complaint lacks the specificity required by Rule 9(c). Def.'s Mot. Dismiss at Page 2 of 3. With respect to the first argument, RJBA contends that the Complaint fails to express explicitly that RBS "waived future interest by failing to send periodic statements post-chargeoff." Def.'s Mem. at Page 5 of 9. Regarding the lack of specificity of the Complaint, RJBA asserts that McDonald "fails to provide any remote factual basis for the statement that RBS waived interest, the method by which RBS came to waive the interest and the manner in which [McDonald] acquired knowledge of the waiver." Def.'s Mem. at Page 7 of 9.

In its opposition to RJBA's motion to dismiss, McDonald

8

reiterates the allegations of his Complaint: that RBS charged off McDonald's credit card debt on March 28, 2012; that RBS reported the debt as $6,447; and that the April 19, 2012 debt collection letter indicated a debt of $7,166.43, with the possibility of a higher amount "[b]ecause of interest accruing." April 19, 2012 letter (Docket # 1-1). Based on those allegations, McDonald asserts that RJBA is attempting to collect a debt by "threatening to add an unauthorized amount of money 'because of interest accruing'" and also adding such an additional amount. Pltf.'s Mem 7-8, Complaint ¶ 45. According to McDonald, RBS' failure to deliver periodic statements after the charge-off evidences RBS's waiver[5] of its right to charge interest. Pltf.'s Mem. at 8. McDonald further asserts that, under Regulation Z of the Truth in Lending Act ("TILA"), RBS was required to deliver periodic statements on all accounts unless it had charged off the account and did not intend to charge any additional fees or interest. Complaint at ¶¶ 18-19 (citing 12 C.F.R. § 226.5(b)(2)(i))[6].

---

[5] McDonald states that the lack of periodic statements evidences RBS's <u>express</u> waiver of its right to charge interest, Pltf.'s Mem. at 8; however, from the arguments in the memorandum and the cases cited in support, it appears that McDonald is referring to an <u>implied</u> waiver, instead.

[6] 12 C.F.R.§ 226.5(b)(2)(i) provides:

Statement required. The creditor shall mail or deliver a periodic statement as required by § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. A periodic statement

9

McDonald alleges, in some detail, that RBS charged off the debt he owed to RBS and that he received no further periodic statements from RBS after that. McDonald also alleges that, at the time the debt was charged off, the amount was reported by RBS to Equifax as $6,447. Because a creditor is required to deliver such statements unless it will charge no additional fees or interest, Mcdonald asserts that the discontinuance of such statements signifies RBS's waiver to charge further interest on McDonald's debt. However, according to the letter McDonald received from RJBA, the debt amount was subsequently increased to $7,166.43 and was subject to further increase for additional interest. McDonald's success in this case ultimately depends on his ability to show that RBS did, in fact, waive imposition of future interest on McDonald's credit card debt following the charge-off. Accepting, however, as the Court must in the context of a motion to dismiss, all well-pleaded facts in the Complaint as true and drawing all inferences therefrom in McDonald's favor, the Court finds that the allegations in the Complaint are sufficient to withstand RJBA's motion to dismiss the Complaint.

---

need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law.

**Conclusion**

For the reasons stated herein, RJBA's motion to dismiss the Complaint is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
July 10, 2013