UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER MCDONALD, Individually and on behalf of all others similarly situated, ) ) ) ) | **Civil Action No.: 13-259-ML** |
| *Plaintiff* ) ) | |
| *v.* ) ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC, ) ) ) | |
| *Defendant* ) ) | |

## ANSWER

Now comes the Defendant, Richard J. Boudreau & Associates, LLC, in the above-entitled matter and answers Plaintiff's Class Action Complaint as follows:

## JURISDICTION AND VENUE

1. Denied.

2. Admit.

## PARTIES

3. Defendant is without sufficient knowledge or information to admit or deny Paragraph Three of Plaintiff's Class Action Complaint.

4. Admit.

## NATURE AND PURPOSE OF FDCPA

5. No response is necessary with respect to the averments contained in Paragraph Five of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

6. No response is necessary with respect to the averments contained in Paragraph Six

of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

7. No response is necessary with respect to the averments contained in Paragraph Seven of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

8. No response is necessary with respect to the averments contained in Paragraph Eight of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

9. No response is necessary with respect to the averments contained in Paragraph Nine of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

10. No response is necessary with respect to the averments contained in Paragraph Ten of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

11. No response is necessary with respect to the averments contained in Paragraph Eleven of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

## APPLICATION OF THE FDCPA

12. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twelve of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

13. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Thirteen of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

14. Admit.

15. Denied.

16. Admit that Defendant is a debt collector. All other allegations contained in Paragraph Sixteen of Plaintiff's Class Action Complaint are denied.

## TILA REQUIREMENTS

17. No response is necessary with respect to the averments contained in Paragraph Seventeen of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

18. No response is necessary with respect to the averments contained in Paragraph Eighteen of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

19. No response is necessary with respect to the averments contained in Paragraph Nineteen of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

20. Denied.

21. Denied.

## PLAINTIFF'S EXPERIENCE

22. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Two of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

23. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Three of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

24. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Four of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

25. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Five of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

26. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Six of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

27. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Twenty-Seven of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

28. Admit that Defendant sent a letter dated April 19, 2012. All other allegations contained in Paragraph Twenty-Eight of Plaintiff's Class Action Complaint are denied.

29. Admit.

30. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Thirty of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

31. Defendant lacks knowledge or sufficient information to admit or deny the allegations contained in Paragraph Thirty-One of Plaintiff's Class Action Complaint and leaves Plaintiff to its necessary proof thereof.

## CLASS ACTION ALLEGATIONS

32. No response is necessary with respect to the averments contained in Paragraph Thirty-Two in that it consists of legal conclusions.

33. No response is necessary with respect to the averments contained in Paragraph Thirty-Three in that it consists of legal conclusions.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE: Defendant demands this Honorable Court enter Judgment in its favor, denying and dismissing Plaintiff's Class Action Complaint, with award to the Defendant costs and reasonable attorney fees.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e

39. No response is necessary with regards to the averments contained in Paragraph Thirty-Nine of Plaintiff's Class Action Complaint. Defendant hereby incorporates by reference all the answers contained in all the proceeding paragraphs of this answer as though fully stated herein.

40. No response is necessary with respect to the averments contained in Paragraph Forty of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

41. Denied.

42. No response is necessary with respect to the averments contained in Paragraph Forty-Two of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

43. Denied.

44. No response is necessary with respect to the averments contained in Paragraph Forty-Four of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

45. Denied.

46. No response is necessary with respect to the averments contained in Paragraph Forty-Six of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

47. Denied.

48. Denied.

WHEREFORE: Defendant demands this Honorable Court enter Judgment in its favor, denying and dismissing Plaintiff's Class Action Complaint, with award to the Defendant costs and reasonable attorney fees.

## Violation of the FDCPA, 15 U.S.C. § 1692f

49. No response is necessary with regards to the averments contained in Paragraph Forty-Nine of Plaintiff's Class Action Complaint. Defendant hereby incorporates by reference all the answers contained in all of the preceding paragraphs as though fully stated herein.

50. No response is necessary with respect to the averments contained in Paragraph Fifty of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

51. Denied.

52. No response is necessary with respect to the averments contained in Paragraph Fifty-Two of Plaintiff's Class Action Complaint in that it consists of legal conclusions.

53. Denied.

54. Denied.

WHEREFORE: Defendant demands this Honorable Court enter Judgment in its favor, denying and dismissing Plaintiff's Class Action Complaint, with award to the Defendant costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

1. Defendant avers estoppel.

2. Defendant avers laches.

3. Defendant avers statute of limitations.

4. Defendant avers waiver.

5. Defendant avers lack of privity.

6. Defendant avers lack of subject-matter jurisdiction.

7. Defendant avers lack of personal jurisdiction.

8. Defendant avers failure to state a claim upon which relief can be granted.

9. Defendant avers failure to join a party under Rule 19.

10. Defendant avers Plaintiff is barred relief by the doctrine of unclean hands.

11. Defendant avers Plaintiff has failed to mitigate his damages.

12. Defendant reserves the right to raise additional defenses after discovery and

throughout the trial of this case.


_JULY 22, 2013_
Date

Laura L. Frechette, Esq. (#7859)
Richard J. Boudreau & Associates, LLC
123 Dyer Street, Suite 3B
Providence, RI 02903
401-383-4382
401-383-4436 (Fax)
lfrechette@rjba.com


## CERTIFICATION

I, Laura L. Frechette, Esq., attorney for the Defendant, Richard J. Boudreau & Associates, LLC hereby certify that on July 22, 2013, I caused a true copy of the within document to be served on the following parties through the ECF system of the United States District Court for the District of Rhode Island.

John T. Longo, Esq.          jtlongo@citadelpc.com

Peter N. Wasylyk, Esq.       pnwlaw@aol.com